JOSEPH M. TIPTON, P.J.,
concurring.
I concur in the result and most of the reasoning in the majority opinion. I write separately because I believe the trial court should have, as it originally ruled, barred use of the defendant’s aggravated robbery conviction for impeachment. The main conduct of aggravated robbery that relates to dishonesty is essentially a theft. In the *226 present case, the state had evidence of two prior theft convictions and two other acts of theft with which to impeach the defendant. To allow use, as well, of an aggravated robbery conviction in this aggravated robbery trial would add little probative value on the issue of the defendant’s credibility compared to the substantial prejudice it would have by involving an offense similar to the offense on trial.
I do not believe, though, that the defendant has established prejudice. The defendant did not testify. His counsel stated to the court that the defendant would have testified he was not present at his uncle’s home during the robbery and that he had no role in any robbery of his uncle. Given such a conclusory, non-testimonial offer of proof and the unrefuted testimony of the defendant’s uncle, I do not believe the error “more probably than not affected the judgment.” T.R.A.P. 36(b).